IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Joanne Hardin, | ) | CIVIL ACTION NO._____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Walgreen Co., and | ) | |
| Walgreen Pharmacy Services Midwest, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

NATURE OF THE ACTION

Plaintiff Joanne Hardin ("Plaintiff" or "Hardin") files this action to correct Defendants Walgreen Co. and Walgreen Pharmacy Services Midwest, LLC's ("Defendants") unlawful employment practices under the Family and Medical Leave Act ("FMLA") and provide relief for damages Hardin suffered as a result of such unlawful practices.  More specifically, as Hardin sought to be present with and take care of her dying husband in an intensive care unit, Defendants failed to notify Hardin of her FMLA rights that would have entitled her to take job-protected qualified leave.  Instead, Defendants unlawfully terminated Hardin's employment and failed to reinstate her after subsequent retroactive approval of FMLA leave, in violation of the FMLA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the FMLA, 29 U.S.C. § 2601, et. seq.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida.  Therefore, in accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES AND GENERAL ALLEGATIONS

3. During all times material, Hardin resided in Palm Beach County, Florida. In this case, the causes of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4. During all times material, Defendants were Hardin's primary employers. During all times material, Defendants acted through their employees, agents, servants, and/or representatives, each of whom acknowledged and represented themselves to be acting on behalf of Defendants, which led Hardin to rely on their representations and actions in her interactions with Defendants.

5. During all times material, Hardin was an "eligible employee", within the meaning of the FMLA, 29 U.S.C. § 2611(2), during the time that she worked for the Defendants. Defendants employed Hardin for at least twelve (12) months prior to the date she was eligible to take FMLA leave due to the serious health condition of her husband. Hardin also worked at least 1,250 hours for Defendants during the previous 12-month period prior to the date she was eligible to take FMLA leave due to the serious health condition of her husband.

6. During all times material, Defendants provided retail and pharmaceutical services in Palm Beach County, Florida, and employed Hardin, among others.

7. During all times material, each Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4). During all times material, each Defendant engaged in commerce or in any industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the year 2021 or preceding calendar years.

8. Hardin began employment with Defendants on or about April 26, 1986.

9. On or about December 27, 2020, Hardin informed Defendants that her husband, Phil Hardin, was taken to the hospital on an emergency basis when he suffered a serious health condition regarding, *inter alia*, his heart.

10. On or about January 1, 2021, Phil entered the intensive care unit ("ICU") of a hospital in Palm Beach County, Florida.

11. On the same day, Hardin provided Defendants additional details of Phil's deteriorating serious health condition, including that Phil was moved to the ICU and placed on a ventilator.

12. On or about January 8, 2021, in response to Defendants' inquiry of when she would return to work, Hardin informed Defendants that Phil's health had not improved and asked what her leave options were so that she could take care of Phil in the ICU.  Despite knowing of Phil's serious health condition, Defendants failed to inform Hardin of her FMLA rights and pressured her to retire as her only option to miss work and tend to her husband's serious health condition. Hardin refused to retire.

13. Notwithstanding the foregoing, Defendants failed to inform Hardin of her FMLA rights, including that she was eligible and entitled to FMLA leave, and instead terminated her employment—this made January 6, 2021 the last day for which Defendants paid her a salary.  If Defendants had informed Hardin of her FMLA rights, she would have immediately claimed and been approved for the FMLA leave for which she was eligible and entitled, and thus, she would not have suffered damages, including termination of her employment and lost wages and benefits.

14. At the end of January 2021, Hardin opened an FMLA claim with Defendants so that she could remain employed while taking care of her husband's serious health condition.

15. On or about February 24, 2021, Defendants approved Hardin's leave during the time her husband suffered from a serious health condition as protected FMLA leave. Despite such protected FMLA leave, Defendants refused to protect and/or reinstate Hardin's employment. As a result, Hardin suffered damages, including, but not limited to, lost wages, lost benefits, and out of pocket expenses.

**COUNT I**
**(VIOLATION OF FMLA—INTERFERENCE (FAILURE TO NOTIFY/TERMINATION))**

16. The allegations set forth in Paragraphs 1-13 are re-alleged as if fully set forth herein.

17. On or about December 27, 2020, Hardin informed Defendants that her husband was taken to the hospital on an emergency basis when he suffered a serious health condition regarding, *inter alia*, his heart.

18. On or about January 1, 2021, Hardin informed Defendants of additional details of Phil's deteriorating serious health condition, including that Phil was moved to the ICU and placed on a ventilator.

19. On or about January 8, 2021, Hardin again informed Defendants that Phil's health was critical, deteriorating, and that she needed to take care of Phil.

20. Hardin was an "eligible employee" within the meaning of the FMLA at the time that Defendants learned of her husband's serious health condition.

21. Hardin was entitled to FMLA leave when she informed Defendants of her husband's serious health condition.

22. Defendants were obligated to notify Hardin of her FMLA rights, but they failed to inform her of her FMLA rights, including her right to take leave and return to her employment.

23. Instead, Defendants unlawfully terminated Hardin's employment, making January 6, 2021 the last day for which Defendants paid her a salary.

24. If Defendants had informed Hardin of her FMLA rights, she would have immediately claimed and been approved for the FMLA leave for which she was eligible and entitled, and thus, she would not have suffered damages, including termination of her employment, lost wages, lost benefits, and out of pocket expenses.

25. Consequently, Defendants unlawfully interfered with, restrained, or denied the exercise of or attempted exercise of Hardin's FMLA rights. Defendants' actions violated her FMLA rights under 29 U.S.C. § 2615.

26. WHEREFORE, Plaintiff Joanne Hardin demands and respectfully requests judgment, declaratory and equitable relief on Defendants' unlawful actions, and all damages against Defendants, including reinstatement, compensatory damages, lost benefits, lost salary, liquidated damages, front pay, backpay, actual monetary losses, pre-judgment interest, post-judgment interest, attorneys' fees and costs, pursuant to 29 U.S.C. § 2617, and such other relief as this Court deems proper.

## COUNT II
### (VIOLATION OF FMLA—INTERFERENCE (TERMINATION WHILE ON FMLA-QUALIFYING LEAVE))

27. The allegations set forth in Paragraphs 1-15 are re-alleged as if fully set forth herein.

28. On or about December 27, 2020, Hardin informed Defendants that she was taking leave to take care of her husband who had been taken to the hospital on an emergency basis when he suffered a serious health condition regarding, *inter alia*, his heart. Such leave was FMLA-qualifying leave and Defendants later approved this leave as protected FMLA leave.

29. On or about January 1, 2021, Hardin informed Defendants of additional details of Phil's deteriorating serious health condition, including that Phil was moved to the ICU and placed on a ventilator. Hardin remained on leave, which was protected FMLA-qualifying leave.

30. On or about January 8, 2021, Hardin again informed Defendants that Phil's health was critical, deteriorating, and that she needed to take care of Phil. Hardin remained on leave, which was protected FMLA-qualifying leave.

31. Hardin was an "eligible employee" within the meaning of the FMLA at the time that Defendants learned of her husband's serious health condition.

32. Hardin was entitled to FMLA leave when she informed Defendants of her husband's serious health condition.

33. Defendants were obligated to notify Hardin of her FMLA rights, but they failed to inform her of her FMLA rights, including her right to take FMLA-qualifying leave and to return to her employment.

34. Towards the end of January 2021, Hardin opened an FMLA claim with Defendants so that she could remain employed while taking care of her husband's serious health condition.

35. On or about February 24, 2021, Defendants approved Hardin's leave during the time her husband suffered from a serious health condition as protected FMLA leave.

36. Even though Hardin was eligible and entitled to FMLA leave during the time her husband suffered from a serious health condition, Defendants unlawfully: (a) terminated her employment during the time she was taking care of her husband on protected FMLA-qualifying leave; and (b) failed to protect and reinstate her employment despite her protected FMLA leave.

Each of Defendants' actions violated Hardin's FMLA rights.  As a result, Hardin suffered damages, including lost wages, lost benefits, and out of pocket expenses.

37. Consequently, Defendants unlawfully interfered with, restrained, or denied the exercise of or attempted exercise of Hardin's FMLA rights, in violation of 29 U.S.C. § 2615.

38. WHEREFORE, Plaintiff Joanne Hardin demands and respectfully requests judgment, declaratory and equitable relief on Defendants' unlawful actions, and all damages against Defendants, including reinstatement, compensatory damages, lost benefits, lost salary, liquidated damages, front pay, backpay, actual monetary losses, pre-judgment interest, post-judgment interest, attorneys' fees and costs, pursuant to 29 U.S.C. § 2617, and such other relief as this Court deems proper.

## COUNT III
## (VIOLATION OF FMLA—RETALIATION (TERMINATION/REFUSAL TO REINSTATE EMPLOYMENT))

39. The allegations set forth in Paragraphs 1-15 are re-alleged as if fully set forth herein.

40. Hardin exercised or attempted to exercise her FMLA rights when she engaged in the following activity.

41. Since on or about December 27, 2020, Hardin had informed Defendants that she was taking leave because her husband was taken to the hospital on an emergency basis when he suffered a serious health condition regarding, *inter alia*, his heart.  Such leave was FMLA-qualifying leave as Hardin was eligible for, and entitled to, protected FMLA leave when she informed Defendants of her husband's serious health condition.  Defendants later approved this leave as protected FMLA leave.

42. On or about January 1, 2021, Hardin informed Defendants of additional details of Phil's deteriorating serious health condition, including that Phil was moved to the ICU and placed on a ventilator. Hardin remained on leave, which was protected FMLA-qualifying leave, and informed Defendants of her need for future FMLA-qualifying leave.

43. On or about January 8, 2021, Hardin again informed Defendants that Phil's health was critical, deteriorating, and that she needed to take care of Phil. Hardin had repeatedly informed Defendants of her husband's serious health condition and that she needed to remain on leave to take care of him–notification of her need for future FMLA-qualifying leave. Hardin continued to remain on leave and such leave was protected FMLA-qualifying leave.

44. Despite informing Defendants several times that she was taking leave to take care of her husband's serious health condition, Defendants refused to inform Hardin of her FMLA rights, including that she was eligible and entitled to take FMLA leave and return to her employment.

45. Hardin opened a claim for FMLA leave towards the end of January 2021 and later applied for FMLA leave, so that she could take care of her husband's serious health condition while remaining employed.

46. Hardin's foregoing actions constitute her exercise or attempt to exercise her FMLA rights—protected activity in opposition to Defendants' unlawful refusal to inform her of her FMLA rights and protect her employment.

47. As a direct result of her protected activity, on or about February 24, 2021, Defendants notified Hardin that she had been terminated during the time she was on approved and protected FMLA-qualifying leave. As such, Defendants refused to protect and/or reinstate

Hardin's employment in unlawful retaliation to Hardin's protected activity. As a direct result, Hardin suffered damages, including lost wages, lost benefits, and out of pocket expenses.

48. Consequently, Defendants discriminated against Hardin in violation of her FMLA rights under 29 U.S.C. § 2615.

49. WHEREFORE, Plaintiff Joanne Hardin demands and respectfully requests judgment, declaratory and equitable relief on Defendants' unlawful actions, and all damages against Defendants, including reinstatement, compensatory damages, lost benefits, lost salary, liquidated damages, front pay, backpay, actual monetary losses, pre-judgment interest, post-judgment interest, attorneys' fees and costs, pursuant to 29 U.S.C. § 2617, and such other relief as this Court deems proper.

## JURY TRIAL DEMANDED

50. Hardin demands a trial by jury on all issues so triable.

Date: Wednesday, October 05, 2022.

Respectfully submitted,

| | |
|---|---|
| *Nnamdi Jackson* | *Eric Hernandez* |
| Nnamdi S. Jackson | Eric Hernandez |
| Fla. Bar No. 99804 | Fla. Bar No. 340730 |
| The Law Office of Nnamdi S. Jackson, P.A. | Hernandez Lee Martinez, LLC |
| 2645 Executive Park Drive, suite 340 | P.O. Box 531029 (mailing address only) |
| Weston, FL 33331 | Miami, FL 33153 |
| (954) 670-1267 | (305) 842-2100 |
| Primary: njackson@nsjlawoffice.com | eric@hlmlegal.com |
| Secondary: nnamdi@hlmlegal.com | |