UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-CV-81542-AMC/BER

JOANNE HARDIN,

        Plaintiff,

v.

WALGREEN CO., and
WALGREEN PHARMACY SERVICES
MIDWEST, LLC,

        Defendants.
_____/

**JOINT DISCOVERY MEMORANDUM AND REQUEST FOR DISCOVERY HEARING**

Respectfully submitted,

| | |
|---|---|
| */s Eric Hernandez* | */s Benjamin Bard* |
| Eric Hernandez | GREGORY A. HEARING |
| Fla. Bar No. 340730 | Florida Bar No.: 817790 |
| Hernandez Lee Martinez, LLC | Gregory.hearing@gray-robinson.com |
| P.O. Box 531029 (mailing address only) | BENJAMIN W. BARD |
| Miami, FL 33153 | Florida Bar No.: 95514 |
| Tel: (305) 842-2100 | Benjamin.bard@gray-robinson.com |
| eric@hlmlegal.com | GRAYROBINSON, P.A. |
| | 401 East Jackson Street, Suite 2700 |
| Nnamdi S. Jackson | Post Office Box 3324 (33601-3324) |
| Fla. Bar No. 99804 | Tampa, Florida, 33602 |
| The Law Office of Nnamdi S. Jackson, P.A. | Tel:  (813) 273-5000 |
| 2645 Executive Park Drive, Suite 340 | Fax: (813) 273-5145 |
| Weston, FL 33331 | |
| Tel: (954) 670-1267 | Attorneys for Defendants |
| Primary: njackson@nsjlawoffice.com | |
| Secondary: nnamdi@hlmlegal.com | |

Attorneys for Plaintiff

Defendants' Position: 1. Defendants dispute Plaintiff's objections to Defendant Walgreen Co.'s Interrogatories No. 5-16 based on Federal Rule of Civil Procedure 33(a)(1). Plaintiff objected to and, for some interrogatories, declined to provide an answer entirely on the basis that Defendant exceeded the twenty-five interrogatory limit. Rule 33(a)(1) states that "a party may serve on any other party no more than 25 written interrogatories, including all **discrete** subparts." Fed. R. Civ. P. 33(a)(1) (emphasis added). The instructions or subparts to Defendant's interrogatories are not discrete. They are "logically and factually subsumed within and necessarily related to the primary question," which satisfies the "related question" test applied by courts within the Eleventh Circuit. See Powell v. The Home Depot USA, Inc., No. 07–80435–Civ., 2008 WL 2473748, at *2 (S.D. Fla. June 16, 2008); Diehl v. Bank of America Corp., No. 3:09–cv–1220–J–25MCR, 2010 WL 3340565, at * (M.D. Fla. Aug. 23, 2010) )"What matters . . . is that the subparts of a particular interrogatory are related to the primary question.").

2.    Defendants contend that Plaintiff's discovery responses violate the Court's Standing Discovery Order (Dkt. No. 16; "SDO"). In particular, Defendants believe that Plaintiff's responses to Interrogatories No. 10, 12, 13, 14, and 16, as well as responses to Requests No. 31, 35, 36, 38, and 46. Defendants contend that, where Plaintiff has objected based on relevance, proportionality, or undue burden, Plaintiff has failed to limit the scope and provide any information, even where the discovery request encompasses information which is undisputedly relevant to this case, in compliance with Section C of the SDO. (See Dkt. No. 16 at 5-6). Additionally, Defendants contend that where Plaintiff has provided information or agreed to produce documents, Plaintiff has waived her formulaic objections followed by such an answer. (See Dkt. No. 16 at 6-8).

3.    Defendants dispute Plaintiff's objections and failure to provide documents responsive to Requests No. 31, 35, 36, 38, and 46. Defendants contend that Plaintiff's objections are improper and the documents sought are well within the scope of discovery. In particular, Requests No. 31, 35, 36, and 38 seek communications with Defendants' employees, agents, and representatives, Plaintiff's social media postings, and telephone records for a limited period of time, i.e., from September 1, 2020, to the present. Defendants contend that they are entitled to review Plaintiff's communications with its employees and/or representatives, as well as Plaintiff's social media, during this time period, as both may reveal information about whether Plaintiff had an intention of retiring from employment with Defendants, as well as whether she

actually did so. The communications with Defendants' employees and/or representatives would further reveal information regarding Plaintiff's requests for leave. Indeed, Defendants have been able to obtain such communications with current employee Karen Pase, as well as former employee Janet Kulesa, which Plaintiff has not produced. Defendants also contend that they are entitled to Plaintiff's telephone records for this time period to determine when, and with what frequency, Plaintiff may have communicated with Defendants' employees, Defendants' third-party administrator for leave determinations, as well as Defendants' hotlines or contact points for employee relations complaints. Defendants further contend that they are entitled to documents being withheld in response to Request No. 46, which seeks documents reflecting Plaintiff's impressions of her employment with Defendants or her conversations with current or former employees of Defendants regarding her allegations that Defendants violated the FMLA.

4.  With regard to Plaintiff's contentions regarding the deposition of Defendants' corporate representative, Defendants state that Plaintiff has declined to identify any particular topic areas or categories of documents regarding which she seeks additional testimony, despite the fact that Defendants' corporate representative identified responsive documents by bates number, testified regarding the location of those documents, as well as the systems/means by which those documents may be found. Defendants contend that they followed the procedure for objecting to topic areas in corporate representative depositions laid out in the SDO. (See Dkt. No. 16 at 10-11); see also SEC v. Complete Business Solutions Group, Inc., Case No. 20-cv-81205-RUIZ/REINHART, 2021 WL 4991303, at *4 (S.D. Fla. Oct. 20, 2021). Defendants contend that their objections were proper based on the scope of the seven topic areas, when combined with forty categories of documents each topic incorporates by reference, as well as the specific grounds for those objections asserted in writing and during the course of the deposition. Plaintiff also mischaracterizes testimony, as well as the nature of the deposition questions asked. Plaintiff did not seek information regarding the method in which documents were gathered or produced in discovery. Indeed, Plaintiff did not request the production of documents prior to the deposition, but rather served a notice asking that a corporate representative identify a broad swath of documents without producing them or testifying about their contents. Plaintiff's questions, which did not relate to any topic properly noticed for the deposition, pertained to the reasons for the corporate representative's designation, as well as how Defendants prepared her, outside of non-privileged documents she reviewed. Plaintiff's cited authority does not support

the propriety of such questions and ignores relevant case law in this District discussing corporate representative depositions. See QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 688-91 (S.D. Fla. 2012) (noting that a corporate representative need not have personal knowledge or personally review documents); Al Ghena v. Int'l Corp. v. Radwan, CASE NO. 13-61557-CIV, 2016 WL 9526420, at *5 (S.D. Fla. Dec. 13, 2022); ); Chick-Fil-A v. Exxon Mobile Corp., No. 08-61422-CIV, 2009 WL 3763032, at *13 (S.D. Fla. Nov. 10, 2009). Plaintiff further cites to inapposite case law discussing individual depositions, or parties claiming that they need not testify as to underlying facts because they were communicated through an attorney, which is not the case here. Despite the stated purpose of Plaintiff's deposition, Plaintiff has since served 105 duplicative requests for production, rather than "streamline" discovery. Defendants object to Plaintiff's attachment of tables to this memorandum, which exceed the allowed page limit and present deposition testimony out of context. Defendants also dispute that Plaintiff is entitled to take preliminary and substantive corporate representative depositions without leave of court.

Plaintiff's Position: ¶-1: Plaintiff objected to answering Defendants' interrogatories 5-16 because they exceeded the limit in Rule 33(a)(1). The subparts are distinct and not subsumed by the initial questions. Rather, the initial questions can be answered independently from the subsequent subparts. The questions also cover several separate allegations/topics in the numbered pleadings. Thus, each question is distinct/independent and counted separately. *Sprint v. Calabrese*, 2019 WL 9598506, *2-3 (S.D. Fla. 2019)(counting subparts); *Trebor v. JL Gory*, 2010 WL 11549691, *1-2 (S.D. Fla. 2010). For example, interrogatory 5 asks the (a) identity of 9 different professions/business entities she has consulted or sought treatment from, (b) identity of 9 different professions/business entities she contacted because of physical/mental malady, infirmity, condition, or harm, (c) identity of 9 different professions/business entities she discussed her physical, emotional, or mental condition with, and (d) identity of each individual/entity, the name/business address, the date of each contact, and the reason for contact.

¶¶-2-3: The interrogatory objections were not waived, as they were not answered. Plaintiff stands on her objections to the requests. And, in accordance with her objections and the SDO at 2 and 7, Plaintiff produced the limited relevant/proportional material and identified withheld material. For instance, on requests 31, 38, and 46, Plaintiff objected, produced limited responsive materials in accordance with such objections, and accordingly stated she withheld material. On requests 35 and 36, there are no responsive relevant documents proportional to the case.

¶-4: Plaintiff disputes Defendants' (a) responses/objections to her 4th amended corporate deposition notice and (b) responses/objections at the deposition. Despite multiple warnings as to its impropriety, Defendants objected and responded that their Rule 30(b)(6) witness would only respond to their unilaterally redefined/limited topics. Such improper objections include: "overbroad, vaguely-defined categories of documents," "fails to provide notice to Defendants," "unduly burdensome," "irrelevant," "fails to impose any reasonable temporal, geographic, or subject matter limitation," "discovery to discovery," and "privilege." At the deposition Defendants repeatedly instructed the Rule 30(b)(6) witness to not answer questions, made suggestive objections/comments, and improperly conferred with the witness during breaks (*i.e.*, Dep. Tr. 20:15-23, 31:2-11, 32:13-33:16, 48:13-21, 71:5-72:8, 71:21-22, 72:10-13, 73:3, 73:11-22, 139:13-25, 166:8-20, 185:19-186:4, 190:20-191:4, 206:18-207:4, 218:6-14, 264:2-10, 315:9-17, 316:20-317:3; Tables C-D). Defendants read their entire written responses/objections—including paragraphs-long instructions to not answer (*id.*). When allowed to respond, the witness did not know, or only could respond in her personal capacity, to which counsel also objected (*i.e.*, *id.* 34:10-13, 35:13-21, 57:12-20, 59:11-14, 59:16-19, 67:9-18, 67:20-68:8, 101:13-21, 101:23-102:6, 105:14-24, 180:18-181:16, 181:17-25, 251:2-16, 253:10-254:1, 254:2-25, 255:1-13, 288:22-289:9, 293:4-13, 297:19-298:3). Rule 30(b)(6) explicitly requires a corporation to "review all matters known or reasonably available to it" to testify on listed matters. *Spicer v. Universal Forest*, 2008 WL 4455854, *2 (W.D. Va. 2008). The broad discovery rules expressly permit discovery about the existence, description, nature, custody, condition, location, retention, availability/dissemination, filing system, and search methods of documents. Rule 26 2015 Comm. Notes ("Discovery of such matters is . . . deeply entrenched in practice"; "[f]raming intelligent requests … may require detailed information about another party's information systems[/resources]", and examples include "other incidents of the same type", "information about organizational arrangements or filing systems[,] and information that could be used to impeach a likely witness."); *In re Takata Airbag*, 2017 WL 8812734, *5 (S.D. Fla. 2017), *adopted* 2018 WL 1859338 (S.D. Fla. 2018)(such discovery is permitted to evaluate universe of documents, document production, identify missing documents, and craft future requests); *Danco v. Lavelle*, 2017 WL 10154231, *3 (E.D. Tex. 2017)(privilege is not applicable to facts, "counsel can prepare a fact witness designee to testify … as to the facts of the existence, location, retention, organization, searching, and production of such documents that pertain to those claims

and defenses", and a party "should not have to take" another party "at its word"). Such discovery is especially appropriate here, where deponent testified that Defendants provided all records referenced in their initial disclosures, but also admitted that she only reviewed a retirement policy in preparation and was repeatedly instructed to not answer questions testing how she knows all responsive documents have been produced. Dep. Tr. 72:10-13, 73:3, 74:18-75:10, 237:20-238:3, 339:7-17; *Spicer*, 2008 WL 4455854, *2; *Sprint v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006)(review of privileged documents waives privilege); *Wilson v. Lakner*, 228 F.R.D. 524, 529 (D. Md. 2005)(counsel's preparation of Rule 30(b)(6) deponent does not create privilege regarding the facts); *Upjohn Co. v. U.S.*, 449 U.S. 383, 395-96 (1981) (attorney-client privilege does not protect facts communicated by the corporation). And once a deposition begins, the preparation period is over, and the witness is on her own. *In re Alexander Grant*, 110 F.R.D. 545, 547 (S.D. Fla. 1986); *Medline Ind. v. Wypetech*, 2020 WL 6343089, *3-4 (N.D. Ill. 2020). Additionally, the deposition was never intended to seek "discovery on discovery", but rather sought information expressly permitted by the rules and germane to the investigation of the materials relevant to the case. Defendants' conduct was so egregious/prejudicial that it prevented the (a) discovery of facts for the purposes of trial or settlement, (b) deponent (Defendants) from answering questions an in lieu provided counsel's views, and (c) gathering of information to execute/streamline the discovery plan/requests, avoid Defendants' future objections, and streamline/resolve disputed issues of fact/law. *Mitnor Corp. v. The Club Condos.*, 339 F.R.D. 312, 315-16 (N.D. Fla. 2021)(setting out importance and many purposes of depositions); *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)(lawyer cannot be "intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers"). The conduct was especially prejudicial given Plaintiff's intent to proceed with subsequent substantive Rule 30(b)(6) depositions, which are now on hold pending this dispute. Plaintiff requests that she be allowed to conduct the initial/preliminary deposition again, Defendants be required to pay for these depositions, and counsel be forbidden from obstructing subsequent depositions.

Defendants' cited cases are distinguishable on multiple grounds. For instance, in *SEC*, the movant did not request a ruling on the scope of the topics/questions or that the entity be re-deposed. Also, the respondent produced prepared substitute witnesses and paid for the initial and subsequent depositions. *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012).

Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Defendant Walgreen Co.'s First Set of Interrogatories
2. Defendants' First Request for Production
3. Plaintiff's Answers and Objections to Defendant Walgreen Co.'s First Set of Interrogatories
4. Plaintiff's Second Amended Responses and Objections to Defendants' First Request for Production
5. Plaintiff's Fourth Amended Notice of Taking Video-Taped Deposition
6. Defendants' Responses and Objections to Plaintiff's Fourth Amended Notice of Taking Video-Taped Deposition
7. Tables of Defendants' objections during deposition.
8. Transcript of Deposition of Defendants' Corporate Representative

## MEET AND CONFER CERTIFICATION

The parties certify that they have complied with the requirements for pre-hearing consultation and despite good faith efforts to resolve their differences, the foregoing issues require resolution by the Court.

DATED: March 13, 2023.